# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA FARRIS, | ) |
| Plaintiff, | ) Civil Action No. 14-969 |
| v. | ) Judge Cathy Bissoon |
| DIVERSIFIED MAINTENANCE, INC., | ) |
| Defendant. | ) |

## ORDER OF DISMISSAL

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Under that statute, the Court is required to dismiss any action that fails to state a claim upon which relief may be granted. Fedee v. Dow, 2012 WL 5472120, *2 (D. N.J. Nov. 8, 2012) (citation omitted).

Plaintiff asserts claims of employment discrimination against Defendant under Title VII, the ADEA and the ADA. *See* Compl. (Doc. 2) at ¶¶ 3(a), (b) & (c). She alleges that the discrimination occurred on December 24, 2012. *Id.* at ¶ 5. Plaintiff filed administrative charge(s) with the EEOC 350 days later, on December 9, 2013. *See id.* at ¶ 6.

Under the federal statutes in question, Plaintiff was required to file her administrative charges within 300 days of the alleged discriminatory act(s). Overby v. Boeing Global Staffing, 571 Fed. Appx. 118, 119 (3d Cir. Jul. 8, 2014) (Title VII and ADA) (citation to binding authority omitted); Ruehl v. Viacom, Inc., 500 F.3d 375, 382-83 (3d Cir. 2007) (ADEA). She did not do so, and her failure to timely exhaust administrative remedies is clear from the face of the

Complaint. Under the circumstances, dismissal is warranted. Smith v. Dep't of Defense, 2013 WL 2030729, *4-5, 10 (M.D. Pa. Mar. 28, 2013) (dismissal under § 1915 warranted where failure to timely exhaust is apparent on "the face of [the c]omplaint") (citations omitted); *accord* Reaves v. Pa. Bd. of Prob. & Parole, 2014 WL 4058829, *4 n.1 (3d Cir. Aug. 18, 2014) (PLRA screening may consider failure to exhaust administrative remedies "if the . . . defect is plain" from pleadings) (citations omitted). The time-bar cannot be cured by amendment, so the dismissal will be entered with prejudice.

For the reasons stated above, this case is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B). Based on this ruling, Plaintiff's Request for Default Judgment (**Doc. 3**) is **DENIED AS MOOT**.[1]

IT IS SO ORDERED.

November 6, 2014                               s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via First-Class U.S. Mail):

Sara Farris
120 Lacrosse Street
Apartment 1
Pittsburgh, PA 15218

---

[1] The Request for Default Judgment also is denied on the independent ground that Plaintiff has failed to provide the Court with any proof that Defendant properly has been served. Teamsters Health & Welfare Fund v. Dubin Paper Co., 2012 WL 3018062, *2 (D. N.J. Jul. 24, 2012) (before default judgment may be granted, movant must provide court with sufficient proof of service) (citation to binding authority omitted).